# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL NO. 4:17-cv-1957** |
| | § | |
| **v.** | § | |
| | § | |
| **PRARIE VIEW A&M UNIVERSITY,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

---

### PLAINTIFF JANE DOE'S RESPONSE TO
### DEFENDANT PRARIE VIEW A&M UNIVERSITY'S RULE 12(B) MOTIONS TO DISMISS

### EXHIBIT 4

---

 Caution

As of: October 27, 2017 10:37 PM Z

# *Ivan v. Kent State Univ.*

United States Court of Appeals for the Sixth Circuit

July 26, 1996, FILED

No. 94-4090

### Reporter

1996 U.S. App. LEXIS 22269 *

BRYNDA IVAN, Plaintiff-Appellant, v. KENT STATE UNIVERSITY; ANGELA NEAL, Assistant Professor Department of Psychology; and JOHN AKAMATSU, Clinical Director, Department of Psychology, Defendants-Appellees.

**Notice: [*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Reported in Table Case Format at: *92 F.3d 1185, 1996 U.S. App. LEXIS 25810.*

**Prior History:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

**Disposition:** AFFIRMED.

## Core Terms

clinical, gender, practicum, summary judgment

## Case Summary

### Procedural Posture

Plaintiff student appealed an order of the United States District Court for the Northern District of Ohio, which granted the motion of defendants, university, advisor, and supervisor, for summary judgment on her complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*, and Title IX of the Education Amendments of 1972, *20 U.S.C.S. § 1681 et seq.*

### Overview

A graduate student informed her advisor that she was pregnant and received relief from her clinical practice and teaching for the fall semester. When the student returned, her cases were reassigned and she was required to meet weekly with her supervisor to monitor the impact of parenthood on her performance. The clinical training committee and her supervisor reviewed her performance as below average and found her unready for the next level of training. The student obtained employment elsewhere. The lower court granted the motion of the university, advisor, and supervisor for summary judgment on the student's gender discrimination claim. The student appealed. The court found no direct evidence that the university had a discriminatory intent in violation of Title IX or gave more favorable treatment to a male colleague with a newborn. The court found no evidence of a Title VII violation because the committee made the adverse employment decision even though the disclosure of her pregnancy triggered the advisor's inappropriate remarks that it was more difficult for female students to deal with new parenthood.

### Outcome

The court affirmed summary judgment for the university, advisor, and supervisor in the student's gender discrimination action.

Ivan v. Kent State Univ.

# LexisNexis® Headnotes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

Civil Procedure > ... > Summary Judgment > Supporting Materials > Discovery Materials

Civil Procedure > Appeals > Standards of Review > De Novo Review

## HN1[⬇] Summary Judgment, Entitlement as Matter of Law

The court reviews a grant of summary judgment de novo, applying the same standard as the trial court. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The evidence and all inferences drawn from it must be construed in a light most favorable to the nonmoving party.

Education Law > Discrimination in Schools > Employment Discrimination > General Overview

Labor & Employment

Law > ... > Evidence > Burdens of Proof > Burden Shifting

Civil Rights Law > Protection of Rights > Federally Assisted Programs > Federal Assistance

Education Law > Discrimination in Schools > General Overview

Education Law > Discrimination in Schools > Gender & Sex Discrimination > General Overview

Education Law > ... > Gender & Sex Discrimination > Title IX > General Overview

Education Law > ... > Gender & Sex Discrimination > Title IX > Scope of Title IX

Labor & Employment Law > Discrimination > General Overview

Labor & Employment Law > Discrimination > Disparate Treatment > General Overview

Labor & Employment Law > ... > Evidence > Burdens of Proof > General Overview

Labor & Employment Law > Discrimination > Title VII Discrimination > General Overview

## HN2[⬇] Discrimination in Schools, Employment Discrimination

Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681 et seq., proscribes gender discrimination in education programs or facilities receiving federal financial assistance against its employees and students. It does not, however, provide an analytical framework for the determination of a claim of gender discrimination in employment. This "deficiency" is rectified by applying the standard of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for proving discriminatory treatment arising under Title IX.The four-part McDonnell Douglas test in cases under Title VII of the Civil Rights Act of 1964 requires the plaintiff to show: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for

the position; and (4) a comparable non-protected person was treated better.

Evidence > Burdens of Proof > Allocation

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

Evidence > Burdens of Proof > Burden Shifting

Labor & Employment Law > Discrimination > Disparate Treatment > General Overview

Labor & Employment Law > ... > Disparate Treatment > Evidence > General Overview

Labor & Employment Law > Discrimination > Title VII Discrimination > General Overview

_HN3_[↓]  Burdens of Proof, Allocation

In order to state a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*, a plaintiff must submit evidence, either directly or inferentially, to support a prima facie case which raises a presumption of discrimination. Once a prima facie case is established, the burden of production passes to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action taken. The burden of production then reverts to the plaintiff to rebut the reason given as pretextual. Although the burden of production shifts to the defendant, the burden of persuasion remains at all times with the plaintiff. Further, in an employment discrimination case, proof of discriminatory motive is critical when disparate treatment is claimed.

**Counsel:** For BRYNDA IVAN, Plaintiff - Appellant: Katherine C. Smith, Akron, OH.

For KENT STATE UNIVERSITY, Defendant - Appellee: Dennis R. Wilcox, Joseph M. Hegedus, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH.

For ANGELA NEAL, Assistant Professor Department of Psychology, Defendant - Appellee: Dennis R. Wilcox, (See above). Joseph M. Hegedus, (See above).

For JOHN AKAMATSU, Clinic Director Department of Psychology, Defendant - Appellee: Dennis R. Wilcox, (See above). Joseph M. Hegedus, (See above).

**Judges:** BEFORE: BROWN, Senior Circuit Judge; MILBURN, Circuit Judge; and O'MEARA, District Judge. [*] [*2]

# Opinion

PER CURIAM.

Plaintiff Brynda Ivan appeals the district court's order granting Defendants' motion for summary judgment on her complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 on the basis of pregnancy and childbirth.

I.

Ivan joined Kent State University's M.A./Ph.D program in psychology in August 1989. After a period during which she was apparently meeting the department's standards, [1] [*3] in late summer 1991, Plaintiff informed Dr. Akamatsu, her advisor, that she was pregnant. She requested, and received, relief from her clinical practice ("practicum") and teaching responsibilities for the fall semester. Dr. Akamatsu expressed concern that Plaintiff would do an inadequate job with her clinical patients due to fatigue and distraction caused by carrying, delivering and caring for a baby. [2] He was also critical of her intention to return to the graduate program after the birth of her child, opining that it is more difficult for female students to deal with new parenthood than male students.

Plaintiff's child was born in December 1991; she returned to her studies in the spring of 1992 and was enrolled in a semester long practicum supervised by defendant Angela Neal. Upon her return, unlike a male colleague in the program whose wife had just delivered

---

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] J.A at 333.

[2] Id. at 355-67.

Ivan v. Kent State Univ.

a child, [3] Plaintiff's cases were reassigned gradually; and she was required to meet weekly with her supervisor to monitor the impact of parenthood on her performance. [4]

The Clinical Training Committee ("CTC"), composed of all faculty members in the department, reviewed her performance in May 1992. After the review, the director of the clinical training program wrote,

> The clinical faculty is very concerned about your performance in the program. . . . the cumulative **[*4]** effect of your grades, thesis progress, and functioning in the practicum leads us to consider your performance as very marginal. Your grades suggest minimal classroom performance . . . similarly your practicum performance appears to have barely met minimal levels of adequacy . . . [5]

Plaintiff's May 12, 1992 practicum evaluation by Dr. Neal mirrored the CTC's concerns. [6] Dr. Neal rated Plaintiff as below average, found her skills "underdeveloped" and concluded that Plaintiff could not function in a clinical setting without supervision. Dr. Neal stated that Plaintiff was not ready for the next level of training and gave her a grade of "IP." [7] **[*5]** Although in January 1993 Plaintiff successfully defended her Master's thesis, she subsequently took a leave of absence from the university and obtained full time employment elsewhere. [8] On April 9, 1993, she filed her complaint.

On September 14, 1994, the lower court granted Defendants' motion for summary judgment after concluding that Plaintiff had failed to raise a genuine issue of material fact as to the Title VII and Title IX claims.

---

[3] Plaintiff attempts to use this male colleague as a "similarly situated person," but she does not point to evidence which supports that conclusion.

[4] J.A. at 364.

[5] Id. at 349.

[6] Id. at 218-28.

[7] The grade of "IP" is neither failing nor passing.

[8] J.A. at 122.

**II.**

*HN1*[↑] The court reviews a grant of summary judgment *de novo*, applying the same standard as the trial court. "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Pitts v. Miller Car Rental, 942 F.2d 1067, 1069 (6th Cir. 1991)* (citations omitted). The evidence and all inferences drawn from it "must be construed in a light most favorable to the nonmoving party." *Wilson v. Stroh Co., Inc., 952 F.2d 942, 945 (6th Cir. 1992).*

*HN2*[↑] **Title IX of the Education Amendments of 1972**

Title IX, *20 U.S.C. § 1681 et seq.,* "proscribes gender discrimination in education programs or facilities receiving federal financial assistance" against its employees **[*6]** and students. *North Haven Bd. of Educ. v. Bell, 456 U.S. 512, 514, 530-40, 72 L. Ed. 2d 299, 102 S. Ct. 1912 (1982).* It does not, however, provide an analytical framework for the determination of a claim of gender discrimination in employment. In all but one circuit, this "deficiency" has been rectified in the appellate courts by applying the Title VII standard for proving discriminatory treatment arising under Title IX. *See Yusuf v. Vassar College, 35 F.3d 709 (2nd Cir. 1994); Preston v. Commonwealth of Virginia ex rel. New River Community College, 31 F.3d 203 (4th Cir. 1994); Andriakos v. University of S. Indiana,* No. 92-3600, 1994 WL 83331, 19 F.3d 21 (table) (7th Cir. Feb. 17, 1994); *Roberts v. Colorado State Bd. of Agric., 998 F.2d 824 (10th Cir. 1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 897 (1st Cir. 1988); Mabry v. State Bd. of Community Colleges and Occupational Educ., 813 F.2d 311 (10th Cir. 1987);* and *O'Connor v. Peru State College, 781 F.2d 632 (8th Cir. 1986). But see Franklin v. Gwinnett County Public Schs., 911 F.2d 617 (11th Cir. 1990), rev'd on other grounds, 503 U.S. 60, 117 L. Ed. 2d 208, 112 S. Ct. **[*7]** 1028 (1992).*

Both the First and Seventh Circuits have analyzed cases involving allegations of gender discrimination by an educational institution in violation of Title IX against students in clinical training programs similar to the defendant's using the McDonnell Douglas burden

Ivan v. Kent State Univ.

shifting framework developed in Title VII cases; [9] an analytical method we now adopt. [10]

### Title VII of the Civil Rights Act of 1964

*HN3*[↑] ] In order to state a claim for **[*8]** employment discrimination under Title VII, *42 U.S.C. § 2000e et seq.*, Plaintiff must submit evidence, either directly or inferentially, to support a *prima facie* case which raises a presumption of discrimination. Once a *prima facie* case is established, the burden of production passes to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action taken. The burden of production then reverts to the plaintiff to rebut the reason given as pretextual. Although the burden of production shifts to the defendant, the burden of persuasion "remains at all times with the plaintiff." *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993)* (citations omitted). Further, in an employment discrimination case, "proof of discriminatory motive is critical when disparate treatment is claimed." *Wilson, 952 F.2d at 945* (citation omitted).

### III.

The court finds no direct evidence of discriminatory intent by Kent State University to support Ivan's contention that she was discriminated against on the basis of gender in violation of Title IX. However, viewing this matter in the light most favorable to Plaintiff **[*9]** and drawing all reasonable inferences in her favor, the court concludes that Ms. Ivan has met the first two elements of the *prima facie* case of discrimination under the McDonnell Douglas analysis: she was a member of a protected class, and the CTC refused to consider her

for community placement without a year of remedial practicum experience. [11]

The third element is more problematic for Plaintiff's Title IX claim. Based on the CTC's letter to Plaintiff, Ms. Ivan was not performing well in her position, and there is nothing in the record which reveals a discriminatory motive on the part of the CTC in refusing to allow her to continue in the program without additional supervision.

As to the fourth element, the evidence of the university's disparate, and allegedly more favorable, treatment of a male colleague with a newborn is legally insufficient to support her contention **[*10]** that she discriminated against because of her female sex.

Even assuming that Plaintiff has stated a *prima facie* case of discrimination by the university, the court finds that she has not offered evidence sufficient to rebut the defendants' proffered reason that the CTC's decision was prompted by her own poor performance.

Because Plaintiff has failed to produce evidence sufficient to raise a genuine issue of material fact in support of her claim of gender based discrimination pursuant to Title IX, the district court's order granting summary judgment for the defendants on that claim is AFFIRMED.

The court's analysis of Plaintiff's Title VII claim reaches the same result. Accepting Plaintiff's version of the facts as true, and making all inferences in her favor, Ms. Ivan has not provided direct evidence of gender discrimination by defendants Neal or Akamatsu. [12] Using the McDonnell Douglas framework for inferring discrimination, Plaintiff meets only the first element; she was a member of a protected class. Although it is clear that the disclosure of Ivan's pregnancy triggered Dr. Akamatsu's inappropriate remarks, it was the CTC, not the individual defendants, which made the **[*11]** employment decision adverse to Plaintiff. Accordingly, the district court's order granting summary judgment for the defendants on the Title VII claim is AFFIRMED.

---

[9] The four-part McDonnell Douglas test requires the plaintiff to show: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) "a comparable non-protected person was treated better." *Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992)*.

[10] In doing so the court overrules the conclusion reached by the district court in *Wedding v. University of Toledo, 862 F. Supp. 201, 203 (N.D. Ohio 1994)* that Title VII preempts an individual's private remedy under Title IX.

---

[11] This in turn led to a lapse in Plaintiff's university funding and "forced" her to accept employment elsewhere. J.A. at 375-76.

[12] Dr. Akamatsu's statements alone, and the attitude underlying them, cannot be attributed to the CTC, and are legally insufficient to lead to an inference of hostile environment.

Ivan v. Kent State Univ.

**IV.**

Because Plaintiff has presented no facts from which it could be found that she has been discriminated against on the basis of gender in violation of Title VII or Title IX, the district court's opinion is **AFFIRMED**.

---

**End of Document**