IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:17-cv-1957 | |
| § | | |
| PRAIRIE VIEW A&M § | | |
| UNIVERSITY § | | |
| § | | |
| *Defendant.* § | | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE KEITH ELLISON:

COMES NOW Defendant Prairie View A&M University ("the University" or "Defendant") and files this, its Original Answer and Defenses to Plaintiff's ("Plaintiff" or "Doe") Second Amended Complaint, and would respectfully show the Court as follows:

Defendant has identified statements in Plaintiff's Original Complaint that are legal conclusions or non-factual statements, rather than factual allegations; no response to those conclusions or statements is required. However, if a response is required, Defendant denies the conclusions and statements in their entirety.

Subject to its affirmative and other defenses, Defendant pleads as follows to the specific allegations of Plaintiff's Second Amended Complaint:

### I. PRELIMINARY STATEMENT

No response is required to Plaintiff's introductory statement summarizing the nature of the lawsuit. To the extent that the statement purports to contain any

factual allegations, Defendant denies the allegations contained therein. Defendant further denies engaging in any unlawful conduct and that plaintiff is entitled to a jury trial.

## II. JURISDICTION, PARTIES AND VENUE

1. Defendant admits the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies that any of its actions were unlawful and admits the balance of the allegations in Paragraph 3.

4. Defendant admits that Doe is a female that was attending the University but denies the remaining allegations in Paragraph 4 based on information and belief.

5. Admit.

6. Admit.

## II. FACTS

7. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 7, and therefore, denies the same.

8. Defendant admits that Plaintiff was accepted as an engineering major student at Prairie View A&M University in 2012 but is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 8, and therefore, denies the same.

9. Defendant admits that Doe began attending the University in 2013 but is without sufficient information to form a belief about the truth or falsity of the

remaining allegations in Paragraph 9, and therefore, denies the same.

10.     Defendant is without sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 10, and therefore, denies the same.

11.     Admit Dr. Johnson met Doe at an off-campus banquet.  Otherwise, Defendant is without sufficient information to form a belief about the truth or falsity of the remaining allegations in Paragraph 11, and therefore, denies the same.

12.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 12 and, therefore, denies the same.

13.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 13 and, therefore, denies the same.

14.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 14 and, therefore, denies the same.

15.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 15 and, therefore, denies the same.

16.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 16 and, therefore, denies the same.

17.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 17 and, therefore, denies the same.

18.     Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 18 and, therefore, denies the same.

19. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 19 and, therefore, denies the same.

20. Admit.

21. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 21 and, therefore, denies the same.

22. Admit that the Plaintiff applied for a position with the University and that University gave Plaintiff a tentative start date of November 9, 2015, and deny the balance of the allegations.

23. Defendant admits that Plaintiff started her job on November 9, 2015, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 23, and therefore, denies the same.

24. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 24 and, therefore, denies the same.

25. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 25 and, therefore, denies the same.

26. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 26 and, therefore, denies the same.

27. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 27 and, therefore, denies the same.

28. Deny.

29. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 29 and, therefore, denies the same.

30. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 30 and, therefore, denies the same.

31. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 31 and, therefore, denies the same.

32. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 32 and, therefore, denies the same.

33. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 33 and, therefore, denies the same.

34. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 34 and, therefore, denies the same.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny that Doe did not report to work for the "remainder of the week" but admit Doe worked on Monday, November 23, 2015.

40. Deny.

41. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 41 and, therefore, denies the same.

42. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 42 and, therefore, denies the same.

43. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 43 and, therefore, denies the same.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Defendant is without information sufficient to form a belief as to the truth or falsity of what "Jane expected to have to endure for a job at [the University]." Otherwise, deny the balance of the allegations in Paragraph 48.

49. Deny.

50. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 50 and, therefore, denies the same.

51. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 51 and, therefore, denies the same.

52. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 52 and, therefore, denies the same.

53. Deny.

54. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 54 and, therefore, denies the same.

55. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 55 and, therefore, denies the same.

56. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 56 and, therefore, denies the same.

57. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 57 and, therefore, denies the same.

58. Defendant admits Doe broke her leg but is without information sufficient to form a belief as to the truth or falsity of balance of the allegations in Paragraph 58 and, therefore, denies the same.

59. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 59 and, therefore, denies the same.

60. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 60 and, therefore, denies the same.

61. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 61 and, therefore, denies the same.

62. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 62 and, therefore, denies the same.

63. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 63 and, therefore, denies the same.

64. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 64 and, therefore, denies the same.

65. Deny.

66. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 66 and, therefore, denies the same.

67. Admit that Doe, Dr. Johnson, and Dr. Risch met, but Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67 and, therefore, denies the same.

68. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 68 and, therefore, denies the same.

69. Deny.

70. Deny.

71. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 71 and, therefore, denies the same.

72. Admit that Doe and Dr. Risch met but Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations Paragraph 71 including when the meeting occurred and, therefore, denies the same.

73. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 73 and, therefore, denies the same.

74. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 74 and, therefore, denies the same.

75. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 75 and, therefore, denies the same.

76. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 76 and, therefore, denies the same.

77. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 77 and, therefore, denies the same.

78. Deny.

79. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 79 and, therefore, denies the same.

80. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 80 and, therefore, denies the same.

81. Deny.

82. Admit Dr. Johnson hired a new student worker. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 and, therefore, denies the same.

83. Admit Dr. Johnson hired two students for the summer and fall semesters of 2016. Deny the remaining allegations.

84. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 84 and, therefore, denies the same.

85. Admit that Doe, Dr. Risch, and Dr. Johnson met. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85 and, therefore, denies the same.

86. Deny.

87. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 87 and, therefore, denies the same.

88. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 88 and, therefore, denies the same.

89. Admit that on May 19, 2016, Doe reported alleged sexual harassment and sexual conduct to the University's EEO/Title IX Office but deny that the Dr. Johnson's or the University's acts were unlawful.

90. Admit Plaintiff made a complaint to A. Taylor in the University's Title IX office. This paragraph 90 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations including but not limited to the fact that Plaintiff reported sexual harassment, assault, hostile work environment, or retaliation.

91. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 91 and, therefore, denies the same.

92. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 92 and, therefore, denies the same.

93. Deny.

94. Deny.

95. Admit.

96. Deny.

97. Defendant is without information sufficient to form a belief as to the truth or falsity of how Doe felt. Deny the remainder of the allegations in Paragraph 97.

98. Defendant admits that it directed a letter to Plaintiff dated August 8, 2016, addressing the findings and conclusions from the investigation conducted. Deny the remaining allegations in Paragraph 98.

99. Defendant admits that it directed a letter to plaintiff dated August 8, 2016, addressing the findings and conclusions from the investigation conducted. Deny the remaining allegations in Paragraph 99.

100. Deny.

101. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 101 and, therefore, denies the same.

102. Deny.

103. Deny.

104. Defendant admits that it placed Plaintiff on "Conduct Probation" on or about November 28, 2016, followed by a full suspension on March 8, 2017, and that it subsequently rescinded the suspension, but denies the remaining allegations in said paragraph in Paragraph 104.

105. Deny.

106. Deny.

107. Deny.

108. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 108 and, therefore, denies the same.

109. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

110. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining

allegations.

111. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

112. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

113. Defendant is without information sufficient to form a belief as to the truth or falsity of Paragraph 101 and, therefore, denies the same.

114. Deny.

115. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

116. Deny,

117. Deny.

### III. CAUSES OF ACTION

118. This paragraph contains Plaintiff's incorporation by reference of Paragraphs 7-117. Defendant has answered those allegations in its point-by-point answer by paragraph and here refers to those answers.

119. Deny.

120. Deny.

121. Defendant is without information sufficient to form a belief as to the

truth or falsity that any complaint was reported in April 2016. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Deny that the University engaged in any unlawful acts or violations of Title IX. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 127 and, therefore, denies the same.

128. This paragraph contains Plaintiff's incorporation by reference of Paragraphs 7-117. Defendant has answered those allegations in its point-by-point answer by paragraph and here refers to those answers.

129. Defendant admits that Plaintiff filed a Complaint with the EEOC, which issued a Right to Sue letter, but denies the remaining allegations in said paragraph.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Defendant admits that Plaintiff has demanded a jury.

143. This paragraph contains Plaintiff's recitation of damages and/or relief sought in this action, to which no response is required. To the extent that this paragraph purports to contain any factual allegations requiring an additional response, Defendant denies those allegations in their entirety. Defendant further denies that Plaintiff is entitled to any recovery of damages.

144. This paragraph contains Plaintiff's recitation of damages and/or relief sought in this action, to which no response is required. To the extent that this paragraph purports to contain any factual allegations requiring an additional response, Defendant denies those allegations in their entirety. Defendant further denies that Plaintiff is entitled to any recovery of damages.

145. This paragraph contains Plaintiff's recitation of damages and/or relief sought in this action, to which no response is required. To the extent that this paragraph purports to contain any factual allegations requiring an additional response, Defendant denies those allegations in their entirety. Defendant further

denies that Plaintiff is entitled to any recovery of damages.

146. This paragraph contains Plaintiff's recitation of damages and/or relief sought in this action, to which no response is required. To the extent that this paragraph purports to contain any factual allegations requiring an additional response, Defendant denies those allegations in their entirety. Defendant further denies that Plaintiff is entitled to any recovery of damages.

## IV. PRAYER

Defendant asserts it is entitled to the following defenses:

1. Defendant asserts that the decisions challenged by Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons, and these decisions would have been made regardless of any protected activity;

2. Defendant asserts that Plaintiff has not exhausted administrative remedies;

3. Defendant asserts the defense of Eleventh Amendment and/or sovereign immunity to all claims to which the defense applies, if any;

4. Defendant asserts the defense of ratification, waiver, estoppel, and/or laches;

5. Defendant asserts all statutory caps on damages or other relief sought by Plaintiff;

6. Defendant asserts that Plaintiff has failed to mitigate her damages, if any;

7. Defendant asserts that the conduct alleged was not severe, pervasive, and objectively offensive to deprive Plaintiff of educational opportunities offered by the University;

8. Defendant asserts that no appropriate official received actual notice of the alleged misconduct and was deliberately indifferent to it;

9. Plaintiff's claims are barred by Plaintiff's own actions or fault;

10. Plaintiff's own conduct or the conduct of others constitute intervening causes of any purported damage to plaintiff which bar her claims against Defendant; and

11. Defendant reserves the right to raise additional affirmative defenses as they become apparent during the course of the litigation.

## V.  PRAYER

THEREFORE, Defendant prays that Plaintiff take nothing by her claims and that Defendant receive any such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Asst. Attorney General

JAMES E. DAVIS
Deputy Atty. Gen. for Civil Litigation

ANGELA V. COLMENERO
Chief - General Litigation Division

*/s/ Andrea Gayle Leyva Batista*
**Andrea Gayle Leyva Batista**
Texas Bar No. 24073895
Southern ID No. 1383306
Sean Flammer
Texas Bar No. 24059754
Southern ID No. 1376041
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4102
FAX: (512) 320-0667
e-mail: andrea.batista@oag.texas.gov
sean.flammer@oag.texas.edu
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the court's ECF system on this the 11th day of May, 2018, to:

| | |
|---|---|
| Marjorie A. Murphy | Victoria Plante-Northington |
| State Bar No. 24013218 | Co-counsel |
| S.D. Bar No. 34512 | Plante Law Firm, P.C. |
| 3355 W. Alabama, Ste. 670 | 5177 Richmond Avenue, Ste. 1140 |
| Houston, Texas 77098 | Houston, TX  77056 |
| Telephone: (832) 564-3804 | 713-526-2615 |
| Fax: (832) 553-7441 | Fax: 713-513-5176 |
| marjorie@themurphylawpractice.com | victoria@plantelawfirm.com |

*/s/ Andrea Gayle Leyva Batista*
**Andrea Gayle Leyva Batista**
Assistant Attorney General